THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORMA LLAMAS-RODRIGUEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [99] MOTION FOR COMPASSIONATE RELEASE**<br><br>**PURSUANT TO § 3582(c)(1)(A)**<br><br>Case No. 2:20-cr-0082-DBB<br><br>District Judge David Barlow |

This matter is before the court on Defendant Norma Llamas-Rodriguez's pro se Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), or in the alternative a request for home confinement.[1] Ms. Llamas-Rodriguez cites her medical conditions, her good behavior, and the prison's COVID-19 protocols including quarantine and lock down as cause for her request.[2] The United States filed an opposition[3] to Ms. Llamas-Rodriguez's motion. Ms. Llamas-Rodriguez has not replied. For the reasons that follow, the court DENIES Ms. Llamas-Rodriguez's motion.

## BACKGROUND

Ms. Llamas-Rodriguez is a 49-year-old mother of four.[4] Her youngest child is around nine years old and resides in Utah with Ms. Llamas-Rodriguez's second youngest child, age 21.[5] Before her incarceration, Ms. Llamas-Rodriguez was employed as a Clinical Medical Assistant,

---

[1] Mot. for Compassionate Release, ECF No. 99.
[2] *Id.* at 1–2.
[3] Opp'n, ECF No. 108.
[4] ECF No. 84 at 9.
[5] *Id.*

although her employment was sporadic due to her medical issues.[6] Ms. Llamas-Rodriguez

suffers from Type 2 diabetes, epilepsy seizure disorder, hypertension, and chronic migraines.[7]

On February 19, 2020, Ms. Llamas-Rodriguez was charged by felony indictment with

one count of Dealing in Firearms without a License and four counts of False Statements in the

Acquisition of a Firearm.[8] Her 22-year-old son was her co-defendant.[9] On May 11, 2021, Ms.

Llamas-Rodriguez pleaded guilty to counts 1 and 2 and the remaining three counts were

dismissed.[10] Pursuant to Rule 11(c)(1)(C), she was sentenced to serve the agreed upon 52 months

under the supervision of the Bureau of Prisons ("BOP") followed by 36 months of supervised

release.[11] Ms. Llamas-Rodriguez commenced her sentence on July 12, 2021.[12]

Ms. Llamas-Rodriguez filed her motion for compassionate release on September 1,

2022,[13] having served just under 14 months of her prison sentence. Upon receiving her motion,

the court ordered Ms. Llamas-Rodriguez's counsel of record, the Office of the Federal Public

Defender, to notify the court of its intent to file an amended motion or supplementation or to not

file anything further in the case.[14] After requesting and being granted additional time, the Federal

Public Defender filed a notice of its intent not to file anything further.[15]

---

[6] *Id.* at 11.
[7] *Id.*; ECF No. 109-2 at 100.
[8] ECF No. 12.
[9] *Id.* at 1–2.
[10] ECF No. 87.
[11] ECF No. 88.
[12] ECF No. 97 at 2.
[13] ECF No. 99.
[14] ECF No. 101.
[15] ECF No. 104.

**DISCUSSION**

**I.      Ms. Llamas-Rodriguez Is Not Entitled to Relief Under § 3582(c)(1)(A) Because She Has Not Shown Extraordinary and Compelling Circumstances Warranting a Sentence Reduction.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[16] "One such exception is contained in § 3582(c)(1)."[17] This subsection "authorize[s] the Director of the BOP to move for a reduction in a defendant's sentence."[18] And, since the passage of the First Step Act in 2018, it also allows "a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief."[19] "In this circuit, . . . § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."[20]

The parties disagree, as a threshold matter, about whether Ms. Llamas-Rodriguez exhausted her administrative remedies before filing this motion. Ms. Llamas-Rodriguez asserts that she satisfied § 3582(c)(1)(A)'s exhaustion requirement because she "d[id] a prior administrative remedy to bring this to motion with [her] case manager and also unit team as well as warden . . . on June 23, 2022."[21] She contends that she received no response.[22] According to the United

---

[16] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)) (alteration in original).
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (citing *United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021)) (unpublished).
[21] Mot. for Compassionate Release 2.
[22] *Id.*

States, however, Ms. Llamas-Rodriguez never submitted a Reduction in Sentence request with her warden.[23]

Ms. Llamas-Rodriguez has provided no evidence that she ever submitted a request for compassionate release to the BOP. The United States provided over 400 pages of Ms. Llamas-Rodriguez's BOP Records as exhibits to its response in opposition.[24] The records show that Ms. Llamas-Rodriguez submitted an "Inmate Request to Staff" dated June 23, 2022—the date Ms. Llamas-Rodriguez contends she moved the warden for compassionate release—in which she "officially request[ed] all [her] medical records from July 12, 2021 to the date."[25] However, the records do not contain any documentation that Ms. Llamas-Rodriguez filed a compassionate release request with her warden. Without such information, the court has no basis for determining that Ms. Llamas-Rodriguez satisfied § 3582(c)(1)(A)'s requirement that she wait at least 30 days before filing a motion on her own.

If the defendant has satisfied the exhaustion requirement, "a district court may . . . grant a motion for reduction of sentence . . . only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable."[26] "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."[27]

---

[23] Opp'n 2.
[24] ECF No. 109.
[25] ECF No. 109-2 at 179.
[26] *Maumau*, 993 F.3d at 831.
[27] *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

"Congress intended to afford district courts with discretion, in carrying out the first step of the statutory test in § 3582(c)(1)(A)(i), to independently determine the existence of 'extraordinary and compelling reasons.'"[28] The Tenth Circuit has upheld a district court's finding of "extraordinary and compelling reasons" based on "a combination of factors" that warranted relief, including the defendant's young age at the time of sentencing, the "incredible" length of stacked mandatory sentences, the subsequent elimination of sentence stacking, and the fact that if the defendant were sentenced today, he "would not be subject to such a long term of imprisonment."[29] However, it has also held that caring for one's parents does not constitute an "extraordinary and compelling reason"[30] and that "vaccination will generally prevent a showing of an extraordinary and compelling reason for release related to the pandemic."[31] "As the movant, [the] defendant bears the burden of establishing that [s]he is eligible for the requested sentence reduction."[32]

Ms. Llamas-Rodriguez claims that her medical conditions (epilepsy, Type 2 diabetes, hyperlipidemia, hypertension, among others),[33] her good behavior, and the prison's COVID-19 protocols (lockdown and quarantine), warrant her compassionate release.[34] While it is well known at this point that two of these conditions, Type 2 diabetes and hypertension, can increase the risk of severe illness from COVID-19 generally,[35] Ms. Llamas-Rodriguez has not shown that she faces any particularly significant risks from these common conditions. Ms. Llamas-

---

[28] *Id.* at 1044.
[29] *Maumau*, 993 F.3d at 837.
[30] *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (unpublished).
[31] *United States v. Duran*, 2022 WL 4391880, at *2 (10th Cir. 2022) (unpublished).
[32] *United States v. London*, 2021 WL 794456, at *2 (D. Utah 2021).
[33] *See* ECF No. 109-1 at 99, 160; ECF No. 109-2 at 144.
[34] Mot. for Compassionate Release 1–2.
[35] *See* ECF No. 109-2 at 103.

Rodriguez's medical conditions appear to be "mostly stable" on her current medications,[36] and she has received the COVID-19 vaccine.[37]

Additionally, Ms. Llamas-Rodriguez points to her good behavior as an extraordinary and compelling reason for a sentence reduction.[38] Ms. Llamas-Rodriguez shares that she is enrolled in food services classes and that she has learned new skills and how to be resourceful in her position as an orderly.[39] She also has "compl[ied] with all rules and regulations of the complex."[40] While the court commends Ms. Llamas-Rodriguez's efforts to better herself while incarcerated, good behavior over the first 14 months of a 52-month prison sentence is neither an "extraordinary" nor "compelling" reason for a sentence reduction.[41]

Because the defendant in this case filed the motion, not the Bureau of Prisons, the Sentencing Commission's policy statements are not "applicable" to the compassionate release motion.[42] Therefore, the court's discretion is *not* "circumscribed under the second step of the statutory test by requiring district courts to find that a sentence reduction is consistent" with the Sentencing Commissions § 1B1.13 policy statement describing "extraordinary and compelling reasons."[43] Still, the court's finding here is consistent with the policy statement. The Commentary to Section 1B1.13 provides as follows:

> 1. Extraordinary and Compelling Reasons. . . .
> (A) Medical Condition of the Defendant.--

---

[36] *Id.* at 43.

[37] ECF No. 109-1 at 166.

[38] Mot. for Compassionate Release 1.

[39] *Id.*

[40] *Id.*; *see also* ECF No. 109-3 at 1 ("Discipline data does not exist for this inmate.").

[41] *See United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (unpublished); *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021) (unpublished).

[42] *Maumau*, 993 F.3d at 837 ("Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." (quoting *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020))); *see United States v. Carr*, 851 F. App'x 848, 853–854 (10th Cir. 2021) (unpublished) (providing that the district court is "free to define 'extraordinary and compelling reasons' for itself").

[43] *Maumau*, 993 F.3d at 837.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. Foreseeability of Extraordinary and Compelling Reasons.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. Rehabilitation of the Defendant.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.[44]

---

[44] *McGee*, 992 F.3d at 1049 (quoting Commentary to U.S.S.G. § 1B1.13, cmts. 1–3 (2018)).

Ms. Llamas-Rodriguez's medical conditions do not fall into any category identified in the policy statement; she does not have any terminal illness, nor does she have any "serious physical or medical condition . . .  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."

In conclusion, the court does not find any extraordinary and compelling reasons for the release of Ms. Llamas-Rodriguez, a vaccinated, 49-year-old individual with mostly stable medical conditions, with no showing of an uncontrolled COVID-19 outbreak in her facility.

Having failed to find any extraordinary and compelling reasons for a sentence reduction, the court need not address the third requirement of § 3582(c)(1)(A).[45] Ms. Llamas-Rodriguez is not entitled to relief under § 3582(c)(1)(A).

## II.    This Court Has No Authority to Direct the Bureau of Prisons to Place Ms. Llamas-Rodriguez in Home Confinement.

In the alternative, Ms. Llamas-Rodriguez requests that the court direct the BOP to place Ms. Llamas-Rodriguez in home confinement. But "transfer to home confinement is not a release from imprisonment, nor does [such a] transfer reduce the length of [an individual's] custodial sentence."[46] Therefore, it is not the relief contemplated by § 3582(c)(1)(A).

By statute, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "a designation of a place of imprisonment [by the BOP] is not reviewable by any court."[47] Ms. Llamas-Rodriguez does not point to any statute or precedent granting this court the authority to direct the BOP to place Ms. Llamas-Rodriguez in home confinement. Therefore, Ms. Llamas-Rodriguez's request is denied.

---

[45] *Id.* at 1043 (quoting *Elias*, 984 F.3d at 519). The third requirement is that the court "consider any applicable § 3553(a) factors." *Id.* at 1042 (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).
[46] *United States v. Springer*, 820 F. App'x 788, 790 (10th Cir. 2020) (quoting *United States v. Ko*, 739 F.3d 558, 561 (10th Cir. 2014)) (unpublished).
[47] 18 U.S.C. § 3621(b).

## CONCLUSION

For the foregoing reasons, Ms. Llamas-Rodriguez's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), is DENIED without prejudice.

Signed January 5, 2023.

BY THE COURT

David Barlow
United States District Judge